UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>William Dexter Miller, Jr.</u>

      v.                         Civil No. 07-cv-388-SM

<u>Superintendent, Strafford County
Department of Corrections</u>


<u>O R D E R</u>

Having carefully considered the objection filed, the report and recommendation is accepted, in part. I, like the magistrate judge, will assume that Mrs. Miller has been authorized by her son, the real party in interest, to bring this habeas corpus petition. I will assume, as well, both that she either has, or could, provide a reasonable explanation for William Miller's failure to pursue the action on his own behalf (e.g. mental incompetence or other disability precluding him from accessing the courts on his own behalf). I will also accept, for these purposes, that she satisfies the general requirements that she be truly dedicated to William Miller's best interest and, as his mother, has a significant relationship with him, such that she can be relied upon to pursue his best interests. <u>See generally</u> 28 U.S.C. § 2242.

William Miller appears to be a pretrial detainee who is facing state criminal charges of some sort.  Because there is no state judgment of conviction, his petition is deemed to have been brought pursuant to 28 U.S.C. § 2241, the general habeas statute.  See White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004) (listing pretrial detention as a challenged circumstance to which § 2241 applies).  The principal difficulty associated with Miller's petition is that identified by the magistrate judge, i.e. failure to exhaust available state remedies.  Principles of comity and federalism require this court to abstain from entertaining a pre-conviction habeas challenge unless petitioner can show that he has exhausted all available state judicial remedies (i.e. that he has presented his federal claims to the state's courts and has sought available appellate review), and that "special circumstances" exist that would warrant federal intervention at this early stage of the state prosecution (e.g., bad faith baseless prosecution, irreparable injury, etc.).

The petition satisfies neither requirement.  Petitioner does not allege, much less show, that available remedies in New Hampshire's courts have been exhausted, or that "special circumstances" exist that would counsel against abstention.  See generally Mitchell v. Plummer, Slip Copy, 2007 WL 3072215 (N.D. Cal. October 19, 2007); Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980).

Accordingly, the petition is dismissed, but without prejudice to petitioner's filing a new habeas petition either after a state judgment of conviction and exhaustion of appeals and collateral remedies available in the state's courts, or, before such an occurrence, if he can plead in good faith, and show, that all available state judicial remedies have been exhausted <u>and</u> that "special circumstances" warrant federal intervention rather than abstention. The ninety day reporting requirement referred to in the report and recommendation is not adopted.

     SO ORDERED.

December 17, 2007

                                      Steven J. McAuliffe
                                      Chief Judge

cc:    Marie Luise Miller